WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
225 N. 9th St., Ste. 810
P.O. Box 1776
Boise, ID  83701-1776
Telephone: (208) 345-7800
Fax: (208) 345-7894
wmthomas@thomaswilliamslaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE STATE OF IDAHO

| | | |
|---|---|---|
| DEAN MORRISON, an individual, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT FOR VIOLATIONS OF** |
| | ) | **THE FAIR LABOR STANDARDS ACT,** |
| CNCPROS INTERNATIONAL, INC., an | ) | **IDAHO WAGE CLAIMS LAWS AND** |
| Idaho Corporation and BRIAN S. DENNY, | ) | **CALIFORNIA LABOR LAWS** |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Dean Morrison ("Plaintiff"), sues Defendants CNCPROS International, Inc.

("Employer"), and Brian Denny ("Denny") (collectively "Defendants" or "Employers") and

alleges:

## JURISDICTION AND VENUE

This is an action to recover money damages for unpaid overtime wages and retaliation

under the laws of the United States, Idaho and California.  This Court has jurisdiction under the

Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (29 U.S.C. § 216(b) (the FLSA).  Jurisdiction of

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 1

this Court is also invoked under 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental

jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.  The facts regarding

Plaintiff's state law claims are so related to the Federal claims they form part of the same case or

controversy.

## I. PARTIES

1.       The majority of the acts alleged occurred in Ada County, Idaho and established

the claims.  The employment practices alleged to be unlawful were committed within this

jurisdiction, and venue is proper in the Southern Division of the District of Idaho under 28

U.S.C. § 1391(a)(3) and under Dist. Idaho Loc.Civ.R. 3.1.

2.       Plaintiff is a resident of Canyon County, Idaho, within the jurisdiction of this

Court.  Plaintiff is a covered employee under 29 U.S.C. § 207(a) of the FLSA.

3.       Defendant CNCPROS International, Inc. is, upon information from the Office of

the Idaho Secretary of State, an Idaho Corporation.  CNCPROS's principle office is in Meridian,

Idaho.  CNCPROS is doing business in Meridian, Idaho at 1582 E. Bramble Ln., Meridian,

Idaho.

4.       Upon information from the Idaho Secretary of State, Defendant Brian Denny is

President of CNCPROS.  Upon information and belief, Denny resides in Ada County, Idaho.

5.       Upon information and belief, Denny had ultimate control over Plaintiff and all

other CNCPROS employees and the day-to-day operations of the business.  He was in charge of

directing employment practices, such as hiring and firing employees and setting employees'

wages and schedules.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 2

## II. FACTS

6.      Plaintiff re-adopts all allegations as stated in paragraphs 1-5 above as if set out in full.

7.      Defendant employed Plaintiff as a field service technician from July 26, 2016 until June 21, 2018.

8.      Defendant's service manager, John Lam ("Lam"), was Plaintiff's supervisor.

9.      From June 2016 until the end of October 2016, Plaintiff was a full time employee who earned a weekly salary of $1,154.00 based on his annual salary of $60,000.00.

10.     Based on his forty hour (40) workweek salary of $1,154.00, Plaintiff's regular hourly rate was $28.85.

11.     Based on Plaintiff's regular rate of $28.85, Plaintiff's FLSA overtime rate was $43.28 ($28.85 x .5 = $14.43. $28.85 + $14.43= $43.28).

12.     In November 2016, Defendants increased Plaintiff's annual salary to $65,000.00. Based on Plaintiff's annual salary, his workweek salary was $1,250.00 ($65,000.00 / 52 = $1,250.00).

13.     Based on his forty hour (40) workweek salary of $1,250.00, Plaintiff's regular hourly rate was $31.25.

14.     Based on Plaintiff's regular rate of $31.25, Plaintiff's FLSA overtime rate was $46.88 ($31.25 x .5 = $15.63. $31.25 + $15.63= $46.88).

15.     From time-to-time during his employment, Plaintiff was paid a ten percent (10%) commission on certain billable labor.

16.     Defendants kept no records of the hours Plaintiff worked each day.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 3

17.     Defendants kept no records of the hours Plaintiff worked in each workweek.

18.     Plaintiff was a "blue collar" worker who performed manual labor that involved repetitive operations with his hands, physical skill and energy.  His job was to repair Defendants' customers' machinery purchased from CNCPROS.

19.     During his employment with Employers, it was never Plaintiff's primary duty to manage CNCPROS or manage a department or subdivision of CNCPROS.

20.     During his employment with Employers it was never Plaintiff's primary duty to customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

21.     During his employment with Employers, Plaintiff never had the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees.

22.     During his employment with Employers, it was never Plaintiff's primary duty to perform office or non-manual work directly related to the management or general business operations of CNCPROS or its customers.

23.     During his employment with Employers, it was never Plaintiff's primary duty to exercise discretion and independent judgment with respect to matters of significance.

24.     During his employment with Employers, it was never Plaintiff's primary duty to perform work requiring advanced knowledge, defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 4

25.     During his employment with Employers, Plaintiff never was required to demonstrate advanced knowledge in a field of science or learning.

26.     During his employment with Employers, Plaintiff was never required to demonstrate advanced knowledge customarily acquired by a prolonged course of specialized intellectual instruction.

27.     During his employment with Employers, it was never Plaintiff's primary duty to perform work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

28.     During his employment with Employers, Plaintiff was never employed as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field.

29.     During his employment with Employers, it was never Plaintiff's primary duty to make sales or obtain orders or contracts for services or for the use of facilities for which a consideration will be paid by CNCPROS client or customer.

30.     Under the Fair Labor Standards Act, Plaintiff was wrongfully classified as an exempt employee.

31.     Under the Fair Labor Standards Act, Plaintiff should have been properly classified as a non-exempt employee.

32.     As a non-exempt employee, Plaintiff was entitled to be paid an overtime wage of one-and-one-half times his regular rate for each hour Plaintiff worked in excess of forty (40) hours in each workweek (except in California).

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 5

33.     During Plaintiff's employment with Defendants, Plaintiff regularly worked more than a forty (40) hour workweek, accruing hours of overtime.

34.     Plaintiff regularly arrived at work at 7:00 a.m. and worked until 5:00 p.m.

### III. WORK OUTSIDE IDAHO

35.     From time to time, Plaintiff was required to travel to Employers' customers' places of business out of the State of Idaho to repair machinery.

36.     During the workweek of January 9 to 13, 2017 and January 17 to 20, 2017, Employers sent Plaintiff to work at Employers' customers' businesses in Reno, Nevada.

37.     During the workweek of June 19 to 22, 2017, September 10 to 14, 2017, March 4 to 9, 2018, Employers sent Plaintiff to work at Employers' customers' business in Albuquerque, New Mexico.

38.     During the workweek of August 13 to 17, 2017, Employers sent Plaintiff to work at Employers' customers' business in Itasca, Illinois.

39.     During the workweek of October 22 to 27, 2017, November 5 to 10, 2017 and April 9 to 12, 2018, Employers sent Plaintiff to work at Employers' customers' business in Sacramento, California.

40.     During the workweek of January 22 to 26, 2018, Employers sent Plaintiff to work at Employers' customers' business in San Diego, California.

### IV.  COMMISSIONS PAID

41.     From time-to-time, Employers paid Plaintiff a ten percent (10%) commission for generating business for Employers.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 6

42.     During the workweek of January 8-14, 2017, Plaintiff earned a $153.00 commission.

43.     During the workweek of January 8-14, 2017, Plaintiff's regular rate was $35.08 with the addition of his $153.00 commission.

44.     During the workweek of February 12-18, 2017, Plaintiff earned a $469.20 commission.

45.     During the workweek of February 12-18, 2017, Plaintiff's regular rate was $42.98 with the addition of his $469.20 commission.

46.     During the workweek of February 26 to March 4, 2017, Plaintiff earned a $106.25 commission.

47.     During the workweek of February 26 to March 4, 2017, Plaintiff's regular rate was $33.91 with the addition of his $106.25 commission.

48.     During the workweek of March 19 to 24, 2017, Plaintiff earned a $221.00 commission.

49.     During the workweek of March 19 to 24, 2017, Plaintiff's regular rate was $36.78 with the addition of his $221.00 commission.

50.     During the workweek of May 7, to 13, 2017, Plaintiff earned a $298.75 commission.

51.     During the workweek of May 7 to 13, 2017, Plaintiff's regular rate was $38.72 with the addition of his $298.75 commission.

52.     During the workweek of June 18 to 24, 2017, Plaintiff earned a $421.00 commission.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 7

53.     During the workweek of June 18 to 24, 2017, Plaintiff's regular rate was $41.78 with the addition of his $421.00 commission.

54.     During the workweek of June 25 to July 1, 2017, Plaintiff earned a $394.00 commission.

55.     During the workweek of June 25 to July 1, 2017, Plaintiff's regular rate was $41.10 with the addition of his $394.00 commission.

56.     During the workweek of November 19 to 25, 2017, Plaintiff earned a $136.00 commission.

57.     During the workweek of November 19 to 25, 2017, Plaintiff's regular rate was $34.65 with the addition of his $136.00 commission.

58.     During the workweek of November 26 to December 2, 2017, Plaintiff earned a $1,019.50 commission.

59.     During the workweek of November 26 to December 2, 2017, Plaintiff's regular rate was $56.74 with the addition of his $1,019.50 commission.

60.     During the workweek of January 28 to February 4, 2018, Plaintiff earned a $119.00 commission.

61.     During the workweek of January 28 to February 4, 2018, Plaintiff's regular rate was $34.23 with the addition of his $119.00 commission.

62.     During the workweek of February 25 to March 3, 2018, Plaintiff earned a $306.08 commission.

63.     During the workweek of February 25 to March 3, 2018, Plaintiff's regular rate was $38.90 with the addition of his $306.08 commission.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 8

64.     During the workweek of March 4 to 10, 2018, Plaintiff earned a $1,000.00 commission.

65.     During the workweek of March 4 to 10, 2018, Plaintiff's regular rate was $56.25 with the addition of his $1,000.00 commission.

66.     During the workweek of April 1 to 7, 2018, Plaintiff earned a $270.00 commission.

67.     During the workweek of April 1 to 7, 2018, Plaintiff's regular rate was $38.00 with the addition of his $270.00 commission.

68.     During the workweek of April 22 to 28, 2018, Plaintiff earned a $494.00 commission.

69.     During the workweek of April 22 to 28, 2018, Plaintiff's regular rate was $43.60 with the addition of his $494.00 commission.

## V.  WORK IN CALIFORNIA

70.     As a non-exempt employee, Plaintiff was entitled to be paid an overtime wage of one-and-one-half (1½) times his regular rate for each hour Plaintiff worked in excess of eight (8) hours in each workday for work performed in California.

71.     As a non-exempt employee, Plaintiff was entitled to be paid an overtime rate of two (2) times his regular rate for each hour Plaintiff worked in excess of twelve (12) hours in each workday for work performed in California.

72.     Under California law, Plaintiff, as a non-exempt worker, was entitled to a thirty (30) minute meal break if he worked more than five (5) hours in a work day, and ten (10) minute breaks for every four (4) hours he worked in a work day.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 9

73.     Under California law, if an employer does not comply with the break requirements, the employer is required to pay the employee one (1) extra hour of regular pay for each day on which a meal break violation occurred, and another extra hour of regular pay for each day on which a rest break violation occurred ("Rest Break Violation").

### a. Work during October 22, 2017 to October 27, 2017.
### a.1. October 22, 2017

74.     On or about October 22, 2017, Plaintiff flew to Sacramento, California to work on behalf of Employers.  Plaintiff began work at Employers' office at 4:00 a.m. then flew to Sacramento.  Between 7:00 a.m. and 10:50 a.m., Plaintiff traveled to Employers' customers' location and began working immediately.

75.     Plaintiff's regular rate during the week of October 22, 2017, was $40.33 per hour.

76.     Plaintiff's overtime rate during the week of October 22, 2017 was $60.50 per hour.

77.     On or about October 22, 2017, Plaintiff worked a total of twelve (12) hours.

78.     On or about October 22, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $80.66.

79.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on October 22, 2017, in the amount of $242.00.

80.     Employers failed to pay Plaintiff $322.66 in overtime and penalty hours for the work performed on October 22, 2017.

81.     For work performed on October 22, 2017, Employers failed to pay Plaintiff $645.30 in wages:

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 10

| October 22, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $40.33 | $322.64 |
| Penalty Hours | 2 hours | $40.33 | $80.66 |
| OT Hours (1.5) | 4 hours | $60.50 | $242.00 |
| OT Hours (2.0) | 0 hours | $80.66 | $0.00 |
| | | | $645.30 |

### a.2.  October 23, 2017

82.     On or about October 23, 2017, Plaintiff worked a total of eleven (11) hours.

83.     On or about October 23, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $80.66.

84.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on October 23, 2017, in the amount of $181.50.

85.     Employers failed to pay Plaintiff $262.16 in overtime and penalty hours for the work performed on October 23, 2017.

86.     For work performed on October 23, 2017, Employers failed to pay Plaintiff $584.80 in wages:

| October 23, 2017 | 11 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $40.33 | $322.64 |
| Penalty Hours | 2 hours | $40.33 | $80.66 |
| OT Hours (1.5) | 3 hours | $60.50 | $181.50 |
| OT Hours (2.0) | 0 hours | $80.66 | $0.00 |
| | | | $584.80 |

### a.3.  October 24, 2017

87.     On or about October 24, 2017, Plaintiff worked a total of twelve (12) hours.

88.     On or about October 24, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $80.66.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 11

89.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on October 24, 2017, in the amount of $242.00.

90.     Employers failed to pay Plaintiff $322.66 in overtime and penalty hours for the work performed on October 24, 2017.

91.     For work performed on October 24, 2017, Employers failed to pay Plaintiff $645.30 in wages:

| October 24, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $40.33 | $322.64 |
| Penalty Hours | 2 hours | $40.33 | $80.66 |
| OT Hours (1.5) | 4 hours | $60.50 | $242.00 |
| OT Hours (2.0) | 0 hours | $80.66 | $0.00 |
| | | | $645.30 |

### a.4.  October 25, 2017

92.     On or about October 25, 2017, Plaintiff worked a total of twelve (12) hours.

93.     On or about October 25, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $80.66.

94.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on October 25, 2017, in the amount of $242.00.

95.     Employers failed to pay Plaintiff $322.66 in overtime and penalty hours for the work performed on October 25, 2017.

96.     For work performed on October 25, 2017, Employers failed to pay Plaintiff $645.30 in wages:

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 12

| October 25, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $40.33 | $322.64 |
| Penalty Hours | 2 hours | $40.33 | $80.66 |
| OT Hours (1.5) | 4 hours | $60.50 | $242.00 |
| OT Hours (2.0) | 0 hours | $80.66 | $0.00 |
| | | | $645.30 |

### a.5.  October 26, 2017

97.    On or about October 26, 2017, Plaintiff worked a total of twelve (12) hours.

98.    On or about October 26, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $80.66**.**

99.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on October 26, 2017, in the amount of $242.00.

100.    Employers failed to pay Plaintiff $322.66 in overtime and penalty hours for the work performed on October 26, 2017.

101.    For work performed on October 26, 2017, Employers failed to pay Plaintiff $645.30 in wages:

| October 26, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $40.33 | $322.64 |
| Penalty Hours | 2 hours | $40.33 | $80.66 |
| OT Hours (1.5) | 4 hours | $60.50 | $242.00 |
| OT Hours (2.0) | 0 hours | $80.66 | $0.00 |
| | | | $645.30 |

### a.6.  October 27, 2017

102.    On or about October 27, 2017, Plaintiff worked a total of eleven and a half (11.5) hours.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 13

103.     On or about October 27, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $80.66**.**

104.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on October 27, 2017, in the amount of $211.75.

105.     Employers failed to pay Plaintiff $292.41 in overtime and penalty hours for the work performed on October 27, 2017.

106.     For work performed on October 27, 2017, Employers failed to pay Plaintiff $615.05 in wages:

| October 27, 2017 | 11.5 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $40.33 | $322.64 |
| Penalty Hours | 2 hours | $40.33 | $80.66 |
| OT Hours (1.5) | 3.5 hours | $60.50 | $211.75 |
| OT Hours (2.0) | 0 hours | $80.66 | $0.00 |
| | | | $615.05 |

**b. Work during November 5, 2017 to November 11, 2017.**

**b.1. November 5, 2017**

107.     On or about November 5, 2017, Plaintiff drove to Redding, California to work on behalf of Employers.  Plaintiff began work at Employers' office at 7:00 a.m. then drove to Redding.  Between 7:00 a.m. and 3:00 p.m., Plaintiff traveled to Employers' customers' location and began working immediately.

108.     Plaintiff's regular rate during the week of November 5, 2017, was $31.25 per hour.

109.     Plaintiff's overtime rate during the week of November 5, 2017 was $46.88 per hour.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 14

110.    Plaintiff's double overtime rate during the week of November 5, 2017 was $62.50 per hour.

111.    On or about November 5, 2017, Plaintiff worked a total of eight (8) hours.

112.    On or about November 5, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

113.    Employers failed to pay Plaintiff $62.50 in penalty hours for the work performed on November 5, 2017.

114.    For work performed on November 5, 2017, Employers failed to pay Plaintiff $312.50 in wages:

| November 5, 2017 | 8 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 0 hours | $46.88 | $0.00 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $312.50 |

**b.2.  November 6, 2017**

115.    On or about November 6, 2017, Plaintiff worked a total of twelve (12) hours.

116.    On or about November 6, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

117.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on November 6, 2017, in the amount of $187.52.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 15

118.    Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on November 6, 2017.

119.    For work performed on November 6, 2017, Employers failed to pay Plaintiff $500.02 in wages:

| November 6, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $500.02 |

**b.3.  November 7, 2017**

120.    On or about November 7, 2017, Plaintiff worked a total of twelve (12) hours.

121.    On or about November 7, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

122.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on November 7, 2017, in the amount of $187.52.

123.    Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on November 7, 2017.

124.    For work performed on November 7, 2017, Employers failed to pay Plaintiff $500.02 in wages:

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 16

| November 7, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $500.02 |

### b.4.  November 8, 2017

125.    On or about November 8, 2017, Plaintiff worked a total of twelve (12) hours.

126.    On or about November 8, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

127.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on November 8, 2017, in the amount of $187.52.

128.    Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on November 8, 2017.

129.    For work performed on November 8, 2017, Employers failed to pay Plaintiff $500.02 in wages:

| November 8, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $500.02 |

### b.5.  November 9, 2017

130.    On or about November 9, 2017, Plaintiff worked a total of twelve (12) hours.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 17

131.    On or about November 9, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50**.**

132.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on November 9, 2017, in the amount of $187.52.

133.    Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on November 9, 2017.

134.    For work performed on November 9, 2017, Employers failed to pay Plaintiff $500.02 in wages:

| November 9, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $500.02 |

**b.6.  November 10, 2017**

135.    On or about November 10, 2017, Plaintiff worked a total of twelve (12) hours.

136.    On or about November 10, 2017, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50**.**

137.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on November 10, 2017, in the amount of $187.52.

138.    Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on November 10, 2017.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 18

139.    For work performed on November 10, 2017, Employers failed to pay Plaintiff

$500.02 in wages:

| November 10, 2017 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $500.02 |

### b.7.  November 11, 2017

140.    On or about November 11, 2017, Plaintiff worked a total of sixteen (16) hours.

141.    On or about November 11, 2017, Plaintiff worked through the mandatory lunch

and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or

$62.50.

142.    Employers did not pay Plaintiff overtime compensation for the eight (8) hours of

overtime Plaintiff worked on November 11, 2017, in the amount of $375.04.

143.    Employers did not pay Plaintiff double overtime compensation for the eight (8)

hours of overtime Plaintiff worked on November 11, 2017, in the amount of $500.00.

144.    Employers failed to pay Plaintiff $937.54 in overtime and penalty hours for the

work performed on November 11, 2017.

145.    For work performed on November 11, 2017, Employers failed to pay Plaintiff

$937.54 in wages:

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 19

| November 11, 2017 | 16 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 0 hours | $31.25 | $0.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 8 hours | $46.88 | $375.04 |
| OT Hours (2.0) | 8 hours | $62.50 | $500.00 |
| | | | $937.54 |

### c. Work during January 22, 2018 to January 26, 2018.

### c.1. January 22, 2018

146.    On or about January 22, 2018, Plaintiff flew to El Cajon, California to work on behalf of Employers.  Plaintiff began work at Employers' office at 3:00 a.m. then flew to El Cajon.  Between 5:00 a.m. and 10:32 a.m., Plaintiff traveled to Employers' customers' location and began working immediately.

147.    Plaintiff's regular rate during the week of January 22, 2018, was $31.25 per hour.

148.    Plaintiff's overtime rate during the week of January 22, 2018 was $46.88 per hour.

149.    Plaintiff's double overtime rate during the week of January 22, 2018 was $62.50 per hour.

150.    On or about January 22, 2018, Plaintiff worked a total of fourteen (14) hours.

151.    On or about January 22, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

152.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on January 22, 2018, in the amount of $187.52.

153.    Employers did not pay Plaintiff double overtime compensation for the two (2) hours of overtime Plaintiff worked on January 22, 2018, in the amount of $125.00.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 20

154.     Employers failed to pay Plaintiff $375.02 in overtime and penalty hours for the work performed on January 22, 2018.

155.     For work performed on January 22, 2018, Employers failed to pay Plaintiff $625.02 in wages:

| January 22, 2018 | 14 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 2 hours | $62.50 | $125.00 |
|  |  |  | $625.02 |

### c.2.  January 23, 2018

156.     On or about January 23, 2018, Plaintiff worked a total of twelve (12) hours.

157.     On or about January 23, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

158.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on January 23, 2018, in the amount of $187.52.

159.     Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on January 23, 2018.

160.     For work performed on January 23, 2018, Employers failed to pay Plaintiff $500.02 in wages:

| January 23, 2018 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
|  |  |  | $500.02 |

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 21

**c.3. January 24, 2018**

161.     On or about January 24, 2018, Plaintiff worked a total of twelve (12) hours.

162.     On or about January 24, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

163.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on January 24, 2018, in the amount of $187.52.

164.     Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on January 24, 2018.

165.     For work performed on January 24, 2018, Employers failed to pay Plaintiff $500.02 in wages:

| January 24, 2018 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $500.02 |

**c.4. January 25, 2018**

166.     On or about January 25, 2018, Plaintiff worked a total of twelve (12) hours.

167.     On or about January 25, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

168.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on January 25, 2018, in the amount of $187.52.

169.     Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on January 25, 2018.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 22

170.    For work performed on January 25, 2018, Employers failed to pay Plaintiff

$500.02 in wages:

| January 25, 2018 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $500.02 |

### c.5.  January 26, 2018

171.    On or about January 26, 2018, Plaintiff worked a total of eighteen (18) hours.

172.    On or about January 26, 2018, Plaintiff worked through the mandatory lunch and

rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

173.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of

overtime Plaintiff worked on January 26, 2018, in the amount of $187.52.

174.    Employers did not pay Plaintiff double overtime compensation for the six (6)

hours of overtime Plaintiff worked on January 26, 2018, in the amount of $375.00.

175.    Employers failed to pay Plaintiff $625.02 in overtime and penalty hours for the

work performed on January 26, 2018.

176.    For work performed on January 26, 2018, Employers failed to pay Plaintiff

$875.02 in wages:

| January 26, 2018 | 18 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 6 hours | $62.50 | $375.00 |
| | | | $875.02 |

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 23

**d.  Work during January 31, 2018, to February 4, 2018.**

**d.1.  January 31, 2018**

177.    On or about January 31, 2018, Plaintiff drove to El Cajon, California to work on behalf of Employers.  Plaintiff began work at Employers' office at 8:00 a.m. then drove to El Cajon.  Between 11:00 a.m. and 1:31 a.m., Plaintiff traveled to Employers' customers' location and began working immediately.

178.    Plaintiff's regular rate during the week of January 31, 2018, was $34.23 per hour.

179.    Plaintiff's overtime rate during the week of January 31, 2018 was $51.35 per hour.

180.    Plaintiff's double overtime rate during the week of January 31, 2018 was $68.46 per hour.

181.    On or about January 31, 2018, Plaintiff worked a total of seventeen and a half (17.5) hours.

182.    On or about January 31, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $68.46**.**

183.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on January 31, 2018, in the amount of $205.40.

184.    Employers did not pay Plaintiff double overtime compensation for the five and a half (5.5) hours of overtime Plaintiff worked on January 31, 2018, in the amount of $376.53.

185.    Employers failed to pay Plaintiff $650.39 in overtime and penalty hours for the work performed on January 31, 2018.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 24

186.   For work performed on January 31, 2018, Employers failed to pay Plaintiff

$924.23 in wages:

| January 31, 2018 | 17.5 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $34.23 | $273.84 |
| Penalty Hours | 2 hours | $34.23 | $68.46 |
| OT Hours (1.5) | 4 hours | $51.35 | $205.40 |
| OT Hours (2.0) | 5.5 hours | $68.46 | $376.53 |
| | | | $924.23 |

### d.2.  February 1, 2018

187.   On or about February 1, 2018, Plaintiff worked a total of ten (10) hours.

188.   On or about February 1, 2018, Plaintiff worked through the mandatory lunch and

rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $68.46.

189.   Employers did not pay Plaintiff overtime compensation for the two (2) hours of

overtime Plaintiff worked on February 1, 2018, in the amount of $102.70.

190.   Employers failed to pay Plaintiff $171.16 in overtime and penalty hours for the

work performed on February 1, 2018.

191.   For work performed on February 1, 2018, Employers failed to pay Plaintiff

$445.00 in wages:

| February 1, 2018 | 10 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $34.23 | $273.84 |
| Penalty Hours | 2 hours | $34.23 | $68.46 |
| OT Hours (1.5) | 2 hours | $51.35 | $102.70 |
| OT Hours (2.0) | 0 hours | $68.46 | $0.00 |
| | | | $445.00 |

### d.3.  February 2, 2018

192.   On or about February 2, 2018, Plaintiff worked a total of twelve (12) hours.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 25

193.    On or about February 2, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $68.46**.**

194.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on February 2 2018, in the amount of $205.40.

195.    Employers failed to pay Plaintiff $273.86 in overtime and penalty hours for the work performed on February 2, 2018.

196.    For work performed on February 2, 2018, Employers failed to pay Plaintiff $547.70 in wages:

| February 2, 2018 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $34.23 | $273.84 |
| Penalty Hours | 2 hours | $34.23 | $68.46 |
| OT Hours (1.5) | 4 hours | $51.35 | $205.40 |
| OT Hours (2.0) | 0 hours | $68.46 | $0.00 |
| | | | $547.70 |

### d.4.  February 3, 2018

197.    On or about February 3, 2018, Plaintiff worked a total of twelve (12) hours.

198.    On or about February 3, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $68.46**.**

199.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on February 3, 2018, in the amount of $205.40.

200.    Employers failed to pay Plaintiff $273.86 in overtime and penalty hours for the work performed on February 3, 2018.

201.    For work performed on February 3, 2018, Employers failed to pay Plaintiff $547.70 in wages:

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 26

| February 3, 2018 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $34.23 | $273.84 |
| Penalty Hours | 2 hours | $34.23 | $68.46 |
| OT Hours (1.5) | 4 hours | $51.35 | $205.40 |
| OT Hours (2.0) | 0 hours | $68.46 | $0.00 |
| | | | $547.70 |

### d.5.  February 4, 2018

202.     On or about February 4, 2018, Plaintiff worked a total of seventeen and a half (17.5) hours.

203.     On or about February 4, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $68.46**.**

204.     Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on February 4, 2018, in the amount of $205.40.

205.     Employers did not pay Plaintiff double overtime compensation for the five and a half (5.5) hours of overtime Plaintiff worked on February 4, 2018, in the amount of $376.53.

206.     Employers failed to pay Plaintiff $650.39 in overtime and penalty hours for the work performed on February 4, 2018.

207.     For work performed on February 4, 2018, Employers failed to pay Plaintiff $924.23 in wages:

| February 4, 2018 | 17.5 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $34.23 | $273.84 |
| Penalty Hours | 2 hours | $34.23 | $68.46 |
| OT Hours (1.5) | 4 hours | $51.35 | $205.40 |
| OT Hours (2.0) | 5.5 hours | $68.46 | $376.53 |
| | | | $924.23 |

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 27

**e.  Work during April 9, 2018 to April 13, 2018.**

**e.1.  April 9, 2018**

208.    On or about April 9, 2018, Plaintiff flew to Redding, California to work on behalf of Employers.  Plaintiff began work at Employers' office at 3:00 a.m. then flew to Redding. Between 6:00 a.m. and 9:30 a.m., Plaintiff traveled to Employers' customers' location and began working immediately.

209.    Plaintiff's regular rate during the week of April 9, 2018, was $31.25 per hour.

210.    Plaintiff's overtime rate during the week of April 9, 2018 was $46.88 per hour.

211.    Plaintiff's double overtime rate during the week of April 9, 2018 was $62.50 per hour.

212.    On or about April 9, 2018, Plaintiff worked a total of fourteen (14) hours.

213.    On or about April 9, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50**.**

214.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on April 9, 2018, in the amount of $187.52.

215.    Employers did not pay Plaintiff double overtime compensation for the two (2) hours of overtime Plaintiff worked on April 9, 2018, in the amount of $125.00.

216.    Employers failed to pay Plaintiff $375.02 in overtime and penalty hours for the work performed on April 9, 2018.

217.    For work performed on April 9, 2018, Employers failed to pay Plaintiff $625.02 in wages:

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 28

| April 9, 2018 | 14 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 2 hours | $62.50 | $125.00 |
| | | | $625.02 |

**e.2.  April 10, 2018**

218.    On or about April 10, 2018, Plaintiff worked a total of twelve (12) hours.

219.    On or about April 10, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50**.**

220.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on April 10, 2018, in the amount of $187.52.

221.    Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on April 10, 2018.

222.    For work performed on April 10, 2018, Employers failed to pay Plaintiff $500.02 in wages:

| April 10, 2018 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
| | | | $500.02 |

**e.3.  April 11, 2018**

223.    On or about April 11, 2018, Plaintiff worked a total of twelve (12) hours.

224.    On or about April 11, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50**.**

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 29

225.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on April 11, 2018, in the amount of $187.52.

226.    Employers failed to pay Plaintiff $250.02 in overtime and penalty hours for the work performed on April 11, 2018.

227.    For work performed on April 11, 2018, Employers failed to pay Plaintiff $500.02 in wages:

| April 11, 2018 | 12 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 0 hours | $62.50 | $0.00 |
|  |  |  | $500.02 |

### e.4.  April 12, 2018

228.    On or about April 12, 2018, Plaintiff worked a total of seventeen (17) hours.

229.    On or about April 12, 2018, Plaintiff worked through the mandatory lunch and rest breaks and was not compensated for the two (2) hours of Rest Break Violation or $62.50.

230.    Employers did not pay Plaintiff overtime compensation for the four (4) hours of overtime Plaintiff worked on April 12, 2018, in the amount of $187.52.

231.    Employers did not pay Plaintiff double overtime compensation for the five (5) hours of overtime Plaintiff worked on April 12, 2018, in the amount of $312.50.

232.    Employers failed to pay Plaintiff $562.52 in overtime and penalty hours for the work performed on April 12, 2018.

233.    For work performed on April 12, 2018, Employers failed to pay Plaintiff $812.52 in wages:

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 30

| April 12, 2018 | 17 hours | Pay Rate | Total Pay |
|---|---|---|---|
| Regular Hours | 8 hours | $31.25 | $250.00 |
| Penalty Hours | 2 hours | $31.25 | $62.50 |
| OT Hours (1.5) | 4 hours | $46.88 | $187.52 |
| OT Hours (2.0) | 5 hours | $62.50 | $312.50 |
| | | | $812.52 |

234.    Employers failed to pay Plaintiff approximately $8,000.00 in wages earned while working in California.

235.    Plaintiff has made an initial calculation of the total unpaid overtime and penalties Employers owe to him.  Based on that preliminary calculation, Employers owe Plaintiff approximately a total of $63,000.00.  See Exhibit A.

## VI.  RETALIATION

236.    During mid-September 2016, Plaintiff and Lam traveled to a customer in Bend, Oregon.  During the return trip, Plaintiff complained that Employers were not paying Plaintiff overtime for all the additional hours Plaintiff was working.  Lam assured Plaintiff he would discuss Plaintiff's complaint with Denny to ensure Plaintiff was compensated for his overtime hours.  Later Lam reported back that Denny said the trip to Bend and the extra time he worked was part of his job because they were salaried employees.

237.    On various trips traveling with Lam, Plaintiff asked Lam how the Employers tracked employees time.  Lam said the Employers had no method to track an employee's time.  Plaintiff raised the same issue of tracking time with Employers' Controller, Diane Hine ("Hine"); she said she would look into it, but never responded to Plaintiff.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 31

238.    On or about September 26, 2016, Plaintiff asked Hine about receiving overtime pay or compensation time for all the extra hours he worked.  Hine said she would talk to Denny about it.  Plaintiff did not receive a response.

239.    On or about November 14, 2016, Plaintiff again raised the issue of overtime with Lam.  Lam said he would discuss the issue with Denny.  Lam reported that Denny would not give compensatory time to Plaintiff for the hours he worked in excess of 40 hours in a workweek.

240.    On or about December 12, 2016, Plaintiff met with Lam and Denny to discuss compensation for the overtime created by customers calling nights and weekends.  Denny never addressed the issue.

241.    Between March 8 and March 15, 2017, Denny required Plaintiff to drive to Rupert, Idaho in the morning; perform services for a customer; and return to Boise at the end of the day.  This occurred all week long.  Denny refused to pay for an overnight stay and refused to pay for the time Plaintiff was required to travel between Boise and Rupert even though the trip began and ended at Employers' shop.

242.    On or about September 8, 2017, Employers required Plaintiff and Lam to begin out-of-town assignments by flying on Sunday.  Plaintiff complained to Denny that he was not being compensated for this time and that he was losing time to spend with his family.  Denny became hostile and said he would not do anything to compensate for the mandatory Sunday travel even though the travel was during regular work hours.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 32

243.    On or about October 20, 2017, Plaintiff again reported to Lam that he was not being compensated for his overtime hours.  Lam said Plaintiff should get compensatory time off. Plaintiff never received any time off.

244.    On or about November 5, 2017, Plaintiff was required to drive Employers' truck to a customer's facility in Redding, California.  Plaintiff complained about the lack of overtime pay.  Denny did nothing.

245.    On or about January 29, 2018, Plaintiff complained to Denny about not making enough money based on the number of hours he was working; not getting bonuses; losing all of his vacation time; and, receiving no compensatory time off.  Denny said he would look into it, but never responded to Plaintiff.

246.    On or about February 1, 2018, Plaintiff returned from an assignment in San Diego, California.  The client had called and Denny assumed Plaintiff's repair was faulty. Denny ordered Plaintiff to immediately return to San Diego.  Plaintiff made the return trip in Employers' Dodge Ram Truck.

247.    On or about February 5, 2018, after Plaintiff returned from San Diego and Plaintiff met with Denny.  Plaintiff complained about all the extra uncompensated hours he was working for Employers.  Plaintiff said the return trip to San Diego was not because of faulty repair, but was a separate problem Plaintiff had not been asked to fix on his earlier trip.  Plaintiff asked for overtime pay.  Nothing, however, was resolved about properly compensating Plaintiff.

248.    On or about May 1, 2018, Plaintiff received a paycheck that was less than the amount owed.  Denny and Hine had become hostile towards.  Plaintiff reported the discrepancy

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 33

to Lam.  Lam investigated and reported that Denny had docked Plaintiff for a day that he had

taken for a medical appointment.

249.    On or about May 7, 2018, the overtime/vacation time argument continued in front

of other employees.  Plaintiff complained that he was working for free because they were not

paying overtime.  Plaintiff accused Employers of taking money from him.

250.    After the May 7, 2018, confrontations, Denny's attitude and actions towards

Plaintiff negatively changed.  Denny did not want Plaintiff to do work in the field.  Denny

wanted him to handle customer calls in the shop and turned Plaintiff's job into an administrative

assistant.

251.    After numerous confrontations and arguments with Denny and Hine about

payment of commissions and wages, on or about June 21, 2018, Denny fired Plaintiff.

## COUNT I: WAGE AND HOUR VIOLATION BY DEFENDANTS CNCPROS INTERNATIONAL, INC. AND DENNY

### (UNPAID OVERTIME)

252.    Plaintiff re-adopts each and every factual allegation in paragraphs 1-250 above.

253.    This action is brought by Plaintiff to recover from Employers unpaid overtime

compensation, and an additional amount as liquidated damages, costs and reasonable attorney's

fees under 29 U.S.C. § 201 et seq., and specifically under 29 U.S.C. § 207.  Section 207(a)(1) of

the FLSA states, "No employer shall employ any of his employees… for a workweek longer than

40 hours unless such employee receives compensation for his employment in excess of the hours

above-specified at a rate not less than a half times the regular rate at which he is employed."

254.    Defendants, at all times pertinent to this Complaint, is and was engaged in

interstate commerce.  Defendants operate as an organization which sells and/or markets its

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 34

services and/or goods to customers throughout the United States.  It also provides its services for goods sold and transported across state lines of this state and solicits funds from non-Idaho sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Idaho, and otherwise regularly engages in interstate commerce, particularly regarding its employees.

255.    Upon information and belief, Defendants' annual gross revenue was at all times material to this Complaint over $500,000 per annum, and Plaintiff, by working in interstate commerce, otherwise satisfies the FLSA's requirements.

256.    From the foregoing, Defendants are and were, during all times, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and Plaintiff was engaged in interstate commerce for Defendants.  Defendants' business activities involve those to which the FLSA applies. Plaintiff's work for Defendants likewise affects interstate commerce.

257.    While employed by Employers, Plaintiff worked many hours per week without being compensated at the rate of not less than one and one half time the regular rate at which he was employed.

258.    At the time of Plaintiff's termination, Employers paid Plaintiff a straight time hourly rate of $31.25 per hour.

259.    However, Employers did not properly compensate Plaintiff for the hours worked in excess of forty (40) hours per week.

260.    Prior to completion of discovery and to the best of Plaintiff's knowledge, at the time of filing this Complaint, Plaintiff's good faith calculation of his unpaid overtime wages for

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 35

hours worked, excluding work in California is approximately $50,000.00.  Plaintiff's good faith calculation of the total overtime hours and rest break and meal penalties for work performed in California is approximately $8,000.00.

261.    Employers violated Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked over the maximum hours provided by the FLSA but no provision was made by Employers to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in the FLSA.

262.    Employers knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Employers as set forth above, and Plaintiff is entitled to recover double damages.

263.    Employers willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Employers as set forth above.

264.    Plaintiff retained the law offices of the undersigned attorney to represent him in this action and must pay a reasonable attorneys' fee.

**COUNT II: FEDERAL (FLSA) STATUTORY VIOLATION
UNDER 29 U.S.C. § 215(a)(3)
RETALIATORY DISCHARGE AGAINST DEFENDANTS**

265.    Plaintiff re-adopts each and every factual allegation as state in paragraph 1–263 above.

266.    Defendants willfully and intentionally refused to pay Plaintiff his legally owed wages as required by the laws of the United States and remain owing Plaintiff these wages.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 36

267.    29 U.S.C.§ 215(a)(3) states it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or ***related to this chapter***, or has testified or is about to testify in such proceeding…." (emphasis added)

268.    On several occasions up to and on or about June 21, 2018, Plaintiff complained to Denny, Lam and Hine he was required to work overtime hours without being compensated for working them.

269.    Employers did not eliminate the off-the-clock work.

270.    Employers ignored Plaintiff's requests for payment of overtime wages.

271.    Plaintiff was wrongfully fired on June 21, 2018 for reporting FLSA violations.

272.    The motivating factors, which caused Plaintiff's termination were his multiple reports of overtime/unpaid wages.  Plaintiff would not have been fired but for his complaints about FLSA violations.

273.    Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

### COUNT III, EMPLOYERS' VIOLATIONS OF CALIFORNIA LABOR CODE
#### Cal. Lab. Code § 510, Cal. Lab. Code § 1194 and Cal. Lab. Code §226.7

274.    Plaintiff re-adopts each and every factual allegation as state in paragraph 1-272 above.

275.    Plaintiff performed work for Employers in various locations in California.

276.    Plaintiff was only paid straight time for all the hours Plaintiff worked for Employers in California.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 37

277.   Employers did not pay Plaintiff for all overtime hours worked in excess of eight hours in a work day in violation of California Labor Code § 510.

278.   Employers did not pay Plaintiff one additional hour of pay at Plaintiff's regular rate of compensation for each workday that Employers failed to provide meal breaks in violation of California Labor Code § 226.7.

279.   Employers did not pay Plaintiff one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that Employers' failed to provide rest or recovery breaks in violation of California Labor Code § 226.7.

280.   Because of Employers' failure to pay Plaintiff for overtime that accrued under California law and failure to pay for meal and rest breaks through which Plaintiff worked, Plaintiff is entitled to recover the unpaid balance of the full amount of overtime compensation and unprovided meal and rest breaks, including interest thereon, reasonable attorney's fees, and costs of suit.

281.   Plaintiff's good faith calculation of the total overtime hours and rest break and meal penalties for work performed in California is approximately $8,000.00.

## COUNT IV: WAGE CLAIM; DEFENDANTS
## IDAHO CODE §§ 45-601 – 621

282.   Plaintiff re-adopts each and every factual allegation as state in paragraph 1-279 above.

283.   Defendants violated Idaho Code § 45-606(1) by failing to pay Plaintiff the wages owed within the statutorily prescribed time.

284.   Plaintiff is owed wages and other benefits of employment by Defendant.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 38

**PRAYER**

WHEREFORE, Plaintiff requests this relief:

1.       Enter judgment for Plaintiff and against Employer based on Employer's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq and other Federal Regulations;

2.       Award Plaintiff actual damages in the amount due for unpaid wages and overtime compensation for hours worked in excess of forty (40) hours weekly and interest thereon;

3.       Award Plaintiff actual damages for unpaid overtime and penalties under California Labor Code § 226.7;

4.       Award Plaintiff an equal amount in double damages/liquidated damages;

5.       Award Plaintiff reasonable attorneys' fees and costs of suit;

6.       Enter a judgment against Defendants for all back wages from the date of discharge through any trial and an equal amount of back wages as liquidated damages, attorneys' fees, and costs;

7.       Order reinstatement and promotion and injunctive relief prohibiting Defendants from discriminating in manner described above, emotional distress and humiliation, pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b);

8.       Award Plaintiff damages under Idaho Code § 45-615(2) to include wages owed as overtime;

9.       Award Plaintiff treble damages, attorneys' fees and costs under Idaho Code § 45-615; and,

10.       Grant such other and further relief as this Court deems equitable and just.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 39

DATED this _____ day of August 2018.

THOMAS, WILLIAMS & PARK, LLP


*/s/ William H. Thomas*_____
William H. Thomas
Attorney for Plaintiff

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, IDAHO
WAGE CLAIM LAWS AND CALIFORNIA LABOR LAWS - 40